CIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH CONNEY, | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-17-3583 |
| v. | * | |
| AMERI-KLEAN SERVICES, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

*Pro se* Plaintiff Kenneth Conney ("Plaintiff" or "Conney") brings this action against Defendant Ameri-Klean Services, Inc. ("Defendant" or "Ameri-Klean") alleging that his termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* Currently pending before this Court is Defendant's Motion to Dismiss, or in the alternative, Motion for More Definite Statement. (ECF No. 5.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED.

**BACKGROUND**

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (2011). Plaintiff Conney, an African-American male, filed the instant Complaint on December 1, 2017 using a *pro se* Complaint for Employment Discrimination form. (ECF No. 1.) He indicated on the form that his statement of claims could be found on the attached U.S. Equal Employment Opportunity Commission ("EEOC") Charge document, filed more than ten months earlier

1

on January 20, 2017. (*Id.*; ECF No. 1-2.) The Charge alleges that he began working as a housekeeper for Ameri-Klean Services on April 16, 2010. As a male, he asserts that he was given a larger workload than female employees. He also asserts that he was subjected to harassment and intimidation because of his race. Specifically, on March 11, 2016 a supervisor referred to Conney as "your kind" and "made uttering threats, such as, stating 'horrible things will happen to your kind.'" Conney also asserts that shortly after filing a complaint, he was discharged.[1] Conney then checked the boxes indicating that he was discriminated against on March 11, 2016 based on his race and gender and as a result of retaliation. After filing his Charge, Plaintiff subsequently received a Notice of Right to Sue letter on October 25, 2017, indicating that the EEOC was unable to conclude that there was reasonable cause to believe discrimination occurred.[2]

## STANDARD OF REVIEW

A motion to dismiss for failure to exhaust administrative remedies is governed by Federal Rule of Civil Procedure 12(b)(1), which requires dismissal when the court lacks subject matter jurisdiction. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003); *Clarke v. DynCorp Intern. LLC*, 962 F.Supp.2d 781, 786 (D. Md. 2013). The plaintiff bears the burden to show that subject matter jurisdiction exists. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), which authorizes the dismissal of a complaint if it fails to

---

[1] From Plaintiff's Response to the Motion to Dismiss, he appears to refer to a criminal complaint he filed against Defendant.
[2] Although Plaintiff did not attach his Notice of Right to Sue letter to the Complaint, the EEOC only issues Notice of Right to Sue letters if it is unable to conclude that there is reasonable cause to believe discrimination occurred. If the EEOC had concluded that there was reasonable cause to believe discrimination occurred, the parties would have received Letters of Determination. https://www.eeoc.gov/employers/process.cfm.

state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Further, a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the

3

document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendant's Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge. *See Stennis v. Bowie State Univ.*, 236 F.Supp.3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

Defendant asserts that Plaintiff's Title VII claims should be dismissed because he failed to timely exhaust his administrative remedies and fails to state a claim. (ECF No. 5.) Before bringing a Title VII discrimination claim in federal or state court, a plaintiff must meet certain statutory requirements. First, Title VII requires that a plaintiff file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful

employment practice occurred." *Id.* In Maryland, a deferral state,[3] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file an action in court. 42 U.S.C. § e-5(f)(1). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Failing to exhaust administrative remedies deprives this Court of subject matter jurisdiction over the claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Plaintiff filed his Charge on January 20, 2017. (ECF No. 1-2.) Accordingly, any alleged conduct occurring before March 26, 2016 is untimely under the 300 day rule. Conney alleges in his Charge that the discriminatory conduct occurred on March 11, 2016. Because this conduct falls outside of the 300 day window, it is untimely. Further, although Plaintiff checked the box "I believe that defendant is still committing these acts against me" on the Complaint form, his Charge did not indicate an ongoing violation. First, he did not check the "continuing action" box on his EEOC Charge. Second, he listed only March 11, 2016 for the date of discrimination and in the particulars of the charge only described conduct on March 11, 2016. Accordingly, he cannot now allege a continuing violation, and Plaintiff has not exhausted his administrative remedies.[4]

---

[3] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.
[4] In his Response to the Motion to Dismiss, Plaintiff alleges numerous additional facts, including that he was subject to instances of harassment for which he provides no date. In addition to his Charge only indicating

5

Even if Conney had exhausted his administrative remedies, the Complaint fails to allege plausible claims under Title VII. First, the Charge alleges that he was retaliated against. The elements of a Title VII retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010). Plaintiff alleges that he "filed a complaint" and "shortly thereafter" was terminated. The Complaint, however, does not provide any details about what type of complaint he filed or where he filed the complaint. Further, Plaintiff sufficient facts to plausibly show that he was terminated because he filed such complaint.

The Charge also alleges that he was discriminated against on the basis of his race and gender. As the United States Court of Appeals for the Fourth Circuit recently explained in *Swaso v. Onslow County Bd. of Educ.*, No. 16-2347, 698 Fed. App'x. 745 (4th Cir. 2017), a plaintiff may establish a discrimination claim under Title VII by showing direct or circumstantial evidence that the plaintiff's status in a protected class was a motivating factor in an adverse employment action or by relying on the burden-shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso*, 698 Fed. App'x. at 747 (citing *Holland v. Wash. Homes, Inc.*, 487 f.3d 208, 213-14 (4th Cir. 2007)). Under the *McDonnel Douglas* framework, the plaintiff must first make out a *prima facie* case of discrimination by showing that (1) she or he is a member of a protected class; (2) her or his job performance was satisfactory; (3) she or he was subjected to an adverse

---

that alleged acts of harassment occurred on March 11, 2016, these factual allegations cannot be considered for the additional reason that courts generally may not consider facts alleged outside of the operative pleading or any documents outside of the complaint nor expressly incorporated therein. *Wagner v. Iames*, No. ELH-16-98, 2017 WL 772230, at *16 (D. Md. Feb. 27, 2017) (citing *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013)).

employment action; and (4) "the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination' [which can be] met if 'similarly-situated employees outside the protected class received more favorable treatment.'" *Id.* (quoting *Adams v. Tr. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)); *see also Mackin v. Charles Schwab & Co., Inc.*, No. DKC-16-3923, 2017 WL 4547423, at *3 (D. Md. Oct. 12, 2017) (applying this test to the plaintiff's unequal terms and conditions of employment claim). While a plaintiff does not need to plead a *prima facie* case to survive a motion to dismiss, the plaintiff must meet the ordinary pleadings standard under *Twombly* and *Iqbal*. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015) (explaining that a plaintiff is still "required to allege facts to satisfy the elements of a cause of action" under Title VII).

First, the Complaint alleges no facts concerning whether Plaintiff's job performance was satisfactory. Second, it also does not allege that he was terminated under conditions giving rise to an inference of unlawful discrimination. A plaintiff may make this showing in at least two ways: by showing "a general pattern of racial discrimination in the practices of defendant" or by relying on "comparator evidence." *Swaso v. Onslow County Bd. of Educ.*, No. 16-2347, 698 Fed. App'x. 745 (4th Cir. Aug. 10, 2017). As the Fourth Circuit explained, "[w]here a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination, . . . '[t]he similarity between comparators . . . must be clearly established in order to be meaningful.'" (quoting *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 265 (4th Cir. 2008)). Conney has not shown an inference of unlawful discrimination under either approach. The only reference to gender he

7

makes is that women arrived late and left early without any disciplinary action being taken. Conney neither alleges that he himself was disciplined for arriving late or leaving early nor alleges that the women were his comparators. *See Haywood v. Locke*, No. 09-1604, 387 Fed. App'x. 355, 359 (4th Cir. July 6, 2010) (explaining that a plaintiff must show that he is "similar in all relevant respects" to his comparator). The only reference to race Plaintiff makes is that his supervisor referred to him as "your kind" and "stated horrible things." This single incident is not sufficient to plausibly claim a general pattern of racial discrimination on the part of the corporate Defendant, Ameri-Klean Services, Inc. Accordingly, Plaintiff has not stated a claim for discrimination based on gender or race.[5] Given that Plaintiff failed to exhaust his administrative remedies and has not pled a plausible claim under Title VII, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's claims are DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's claims are DISMISSED.

A separate order follows.

Dated: February 26, 2018

/s/

Richard D. Bennett
United States District Judge

---

[5] To the extent Plaintiff's references to "harassment and intimidation" attempt to state a claim for hostile work environment, he has not alleged facts sufficient to show that the harassment was "'so severe or pervasive as to alter the conditions of [the victim's] employment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 298 (4th Cir. 2015) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 806-08, 118 S.Ct. 2275 (1998))